THE HONORABLE MARY ALICE THEILER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ER SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No.: 2:11-cv-01792-MAT<br><br>DEFENDANT'S MOTION TO DISMISS<br><br>NOTED ON MOTION CALENDAR:<br>NOVEMBER 25, 2011<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Defendant ER Solutions, Inc. ("ERS") respectfully files this motion pursuant to Fed. R. Civ. P. 12(b)(6). ERS requests dismissal with prejudice of plaintiff Dwight Holland's ("Holland") claim under the Fair Credit Reporting Act ("FCRA"), for common law defamation, slander, and fraud, and for punitive damages.

These claims are based on the allegations that ERS improperly reported to credit reporting agencies that Holland failed to pay a debt. But Holland has failed to assert claims under which relief can be granted. The FCRA does not provide Holland with a cause of action against ERS for furnishing information to credit reporting agencies, even if that information is allegedly inaccurate or incorrect. Holland does not allege that he did not owe the money, or that ERS reported the debt with malice or willful intent, and the FCRA immunizes ERS from

DEFENDANT'S MOTION TO DISMISS - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

liability for defamation or slander in the absence of such allegations. Holland does not allege any facts to support a claim for fraud, as required by Fed. R. Civ. P. 9(b). And although the FCRA claim allows for punitive damages in other contexts, because Holland fails to state a claim under the FCRA, Holland's claim for punitive damages should be dismissed, too. Finally, because it is apparent from Holland's pleadings, including an affidavit and exhibits, that he cannot adequately plead these claims, ERS respectfully requests that Holland not be given leave to re-plead but rather dismisses the claims with prejudice.

## II. ALLEGATIONS IN THE COMPLAINT

ERS is a debt collection company located in Renton, Washington. Complaint ¶ 1.2. By letter dated July 7, 2011, ERS informed Holland that it had been hired by DISH Network to recover $117.03 Holland owed to DISH. Affidavit ¶ 3; Exhibit A-1.[1] On or about July 19, 2011, Holland attempted to inform ERS in writing that he was disputing the debt. Exhibit A-2; Exhibit A-7 (stating that he mailed this letter on July 20). Holland did not include an account number on his letter, however, and his address on the letter differed from what DISH previously provided ERS. Because of that, and because of the large number of debtors with the same name as Holland, ERS was unable to respond to Holland's letter. Exhibit A-8. Holland followed up with ERS by letter date August 2, 2011, again requesting validation of the debt. Id. ¶ 6; Exhibit A-7. This time he included the account number. Exhibit A-7.

By letter dated August 11, 2011, ERS informed Holland that, because he provided his account number in his August 2 letter, it was able to locate his account, would stop collection efforts, and remove the debt from his credit reports. Exhibit A-8.[2]

On August 12, 2011, Holland received a letter from his credit card issuer refusing to increase his credit limit. Id. ¶ 9. Holland alleges that, in response, he checked his credit scores and found that ERS had reported the debt to credit reporting agencies. Id. But Holland admits

---

[1] The nature and type of the pleadings Holland filed are discussed below.
[2] In his Affidavit, Holland incorrectly states the letter was dated August 22, 2011. Affidavit ¶ 15.

DEFENDANT'S MOTION TO DISMISS - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1  ERS removed the debt from his credit reports as it stated it would.  Affidavit ¶ 15.  Holland
2  also admits that his credit scores increased and he has received two more credit cards.
3  Affidavit ¶ 19.

### III.  HISTORY OF PROCEEDINGS AND CLAIMS IN SUIT

On or about October 12, 2011, Holland, proceeding pro se, filed this lawsuit in King County Superior Court.  He served the complaint on ERS on October 13, 2011.  ERS timely removed the lawsuit to this Court on October 26, 2011.  See Doc. No. 1.

Holland does not allege any facts in the complaint, but references and attaches an "Affidavit," which contains a number of alleged facts, and correspondence between Holland and ERS, Holland and his credit card company, and Holland and credit reporting agencies.  See Doc. No. 1-3  The complaint alleges claims for defamation, slander, and fraud.  Complaint ¶¶ 4.2, 4.4.  The complaint also references Stevenson v. TRW, 987 F.2d 288 (5th Cir. 1993), an FCRA case against a credit reporting agency, id. ¶ 4.3, indicating that Holland is also asserting a claim against ERS under the FCRA.  Although Holland does not explicitly state so, it is clear these claims are based on Holland's allegations regarding the reporting of the debt to credit reporting agencies.

### IV.  LEGAL ANALYSIS

**A.  RELEVANT STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

DEFENDANT'S MOTION TO DISMISS - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1  entitlement to relief." Id. (internal citations and quotations omitted).

2  Holland is proceeding here pro se. Pleadings by pro se litigants are held to a less stringent standard than pleadings drafted by lawyers and are more liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, the leniency afforded pro se litigants does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." Shuler v. Ingram & Assoc., No. 10-14509, 2011 WL 4495624, at *2 n.3 (11th Cir. Sept. 29, 2011); Williams v. U.S., No. 10-880 L, 2011 WL 3891124 (Fed. Cl. Sept. 2, 2011) ("That leniency, however, cannot forgive a pro se plaintiff's failure to state a claim upon which relief can be granted"). To the contrary, courts have held that the motion to dismiss standard articulated by the Supreme Court in Iqbal applies to complaints filed by pro se plaintiffs. Champion v. United States, No. 09-31101, 421 Fed. Appx. 418, at *4 (5th Cir. Apr. 8, 2011) (Although "'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers,' we have recognized that such complaints must 'plead enough facts to state a claim to relief that is plausible on its face' in light of the Supreme Court's decision in Ashcroft v. Iqbal.") (internal citations omitted); Washington v. Grace, Nos. 10-4434, 11-1229, 2011 WL 4436277 (3d Cir. Sept. 26, 2011) (applying standards enunciated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), to complaint filed pro se).

**B.    HOLLAND HAS NO CAUSE OF ACTION AGAINST ERS UNDER THE FCRA**

"Congress enacted the Fair Credit Reporting Act … in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009); see also Thornton v. Equifax, Inc., 619 F.2d 700, 703 (8th Cir. 1980) (The FCRA's provisions provide for the protection of the reputation of the consumer while recognizing the legitimacy of credit reports as a necessary adjunct of commerce for consumer credit, personnel matters, insurance and other needed information").

DEFENDANT'S MOTION TO DISMISS - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

The FCRA imposes a number of requirements on "credit reporting agencies," which the statute defines as companies that assemble or evaluate "consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.SC. § 1681a(f). The FCRA imposes two duties on debt collectors and other companies that furnish information to credit reporting agencies. Gorman, 584 F.3d at 1153-54. One duty requires that a company provide accurate information to credit reporting agencies and disclose when a consumer disputes a debt. 15 U.S.C. § 1681s-2(a); accord Gorman, 584 F.3d at 1154.

Another duty follows a process established by the FCRA for a consumer to dispute information on a credit report. A consumer notifies the credit reporting agency that he or she disputes the correctness or accuracy of the information in the credit report. 15 U.S.C. § 1681i; Tuazon v. HSBC Mort. Serv., Inc., No. C06-59MJP, 2007 U.S. Dist. LEXIS 47703, at *4 (W.D. Wash. July 2, 2007) ("a consumer who disputes furnished credit information is required to follow a procedure set out in the FCRA which begins with notifying the credit reporting agency directly of the dispute"). The credit reporting agency then notifies the company that furnished the information of the consumer's dispute. Id. This notice triggers a duty on the part of the company furnishing the information to investigate the disputed information. 15 U.S.C. § 1681s-b(1); accord Gorman, 584 F.3d at 1154. If the investigation reveals that the information the company provided is incomplete or inaccurate, the company must inform all credit reporting agencies that received the information and modify, delete or block the reporting of that information. 15 U.S.C. § 1681s-b(1)(D)-(E); accord Gorman, 584 F.3d at 1154. This duty is triggered only by formal notice from a credit reporting agency to the furnisher of information. Notice from a consumer that he or she is disputing the debt is not enough. Gorman, 584 F.3d at 1154. ("These duties arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).").

DEFENDANT'S MOTION TO DISMISS - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

The FCRA creates private rights of action for willful or negligent noncompliance with its requirements. Id. (citing 15 U.S.C. § 1681n & o). But liability for a company that furnishes information is limited. A company can be held liable for failing to respond to notice of a dispute from a credit reporting agency under 15 U.S.C. § 1681s-b. Marshall v. Gravitt, No. 2:06-CV-0536-FCJ-GWF, 2007 WL 1792416, at *3 (D. Nev. June 18, 2007), aff'd, 327 Fed. Appx. 13 (9th Cir. Apr. 17, 2009) (a "furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency"); Tuazon, 2007 U.S. Dist. LEXIS 47703, at *4-*5 ("Plaintiffs wish to allege a FCRA violation regarding the inaccurate reporting of a late payment, they are obligated to first prove that they disputed the information directly with the credit bureau"). But a company cannot be held liable to a consumer for failing to report accurate information or for failing to state that a consumer disputes the validity of the debt under 15 U.S.C. § 1681s-a. 15 U.S.C. § 1681s-2(c); Gorman, 584 F.3d at 1154; Tuazon, 2007 U.S. Dist. LEXIS 47703, at *4 ("there is no private cause of action to enforce the subsection (15 U.S.C. §§ 1681s-2(a)(1)(B)(1) and (2)) requiring furnishers of credit information … to report that information accurately"). Instead, enforcement is limited to state or federal agencies. 15 U.S.C. § 1681c-2(d); Gorman, 584 F.3d at 1154; Tuazon, 2007 U.S. Dist. LEXIS 47703, at *4. As the Ninth Circuit explained:

> The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. … However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA. … Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies.

Gorman, 584 F.3d at 1154 (internal citations omitted). The Ninth Circuit explained why the FCRA limits liability of companies that furnish information to credit reporting agencies:

> Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies. But Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting

DEFENDANT'S MOTION TO DISMISS - 6

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

up the CRA to receive notice of the investigation by the furnisher. … With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s-2(b), Congress put no limit on private enforcement under §§ 1681n & O.

Nelson v. Chase Manhattan Mort. Corp., 282 F.3d 1057, 1060 (9th Cir. 2002) (internal citations omitted); Gorman, 584 F.3d at 1154 n.9; Cuddeback v. Land Home Fin. Servs., No. C10-1347-RSM, 2011 WL 903881, at *2 (W.D. Wash. Mar. 14, 2011) ("It is likely that Congress sought to protect furnishers of information from potential liability stemming from consumers who are simply dissatisfied with credit information furnished").

Here, Holland does not cite the relevant provision of the FCRA, but his claim must be based on 15 U.S.C. § 1681s-2(a) since it is based on alleged information ERS provided to credit reporting agencies. But Holland has no private cause of action against ERS for allegedly violating 15 U.S.C. § 1681s-2(a). Instead, enforcement of that provision of the FCRA is limited to state and federal agencies. The only claim Holland could assert against ERS would be based on ERS's response to notice from a credit reporting agency that Holland was disputing the debt under 15 U.S.C. § 1681s-2(b). 15 U.S.C. § 1681s-2(c)(2); Gorman, 584 F.3d at 1154; Marshall, 2007 WL 1792416, at *3. But Holland does not allege that ERS received notice from a credit reporting agency or that ERS failed to adequately respond to that notice as required by 15 U.S.C. § 1681s-2(b). As such, Holland does not, and cannot, state a claim against ERS under the FCRA.

C.   **THE FCRA IMMUNIZES ERS FROM DEFAMATION AND SLANDER**

The FCRA states:

Limitation of liability. Except as provided in sections 1681n and 1681o of this title, no consumer may bring any claim or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against … any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based

DEFENDANT'S MOTION TO DISMISS - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

    in whole or in part on the report <u>except as to false information furnished with malice or willful intent to injure such consumer</u>.

15 U.S.C. § 1681h(e) (emphasis supplied).

  The Ninth Circuit has held that this provision of the FCRA provides a company that furnishes information to a credit reporting agency in good faith with qualified immunity against liability, even if the information is inaccurate or incorrect. <u>Gorman</u>, 584 F.3d at 1166-68.[3]; <u>Marshall</u>, 2007 WL 1792416, at *5 ("The FCRA allows a plaintiff to bring a related libel claim [only] if the plaintiff demonstrates the defendant violated the FCRA").  As the Eighth Circuit explained:

> Section 1681h(e) is recognized as providing qualified immunity for consumer reporting agencies with an exception from such qualified immunity being made for actions pursuant to sections 1681n and 1681o (the liability sections providing for failure to comply with provisions or requirements of the Act).  Such an exception was not meant to lessen the standard necessary to overcome this qualified immunity in defamation actions.  It is clear that the qualified immunity provided for by the FCRA is meant by Congress to be the quid pro quo for full disclosure.

<u>Thornton v. Equifax, Inc.</u>, 619 F.2d 700, 703 (8th Cir. 1980) (internal citations and quotations omitted).

  To establish malice or willful intent, a plaintiff must plead that the company furnished the information to the credit reporting agencies "with knowledge that it was false or with reckless disregard of whether it was false or not."  <u>Gorman</u>, 584 F.3d at 1167-68 (citing the standard used by the Supreme Court in <u>New York Times v. Sullivan</u>, 376 U.S. 254, 279-80 (1964)); <u>Thornton</u>, 619 F.2d at 705 (applying <u>New York Times</u> standard is appropriate because the FCRA provides for a qualified privilege for furnishers of information to credit reporting

---

[3] In <u>Gorman</u>, the Ninth Circuit also considered, at least initially, whether another provision of the FCRA, 15 U.S.C. § 1681t(b)(1)(F), entirely preempted state law claims based on the furnishing of information to credit reporting agencies.  584 F.3d at 1166 ("§ 1681t(b)(1)(F) appears to preempt all state law claims based on a creditor's responsibilities under § 1681s-2").  The Court went on that § 1681t(b)(1)(F) seemed to conflict with 1681h(e), however, and then deferred ruling on whether there was complete preemption, and instead analyzed the claim under § 1681h(e). <u>Id.</u> at 166-68.

DEFENDANT'S MOTION TO DISMISS - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

agencies). Reckless disregard requires "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." Gorman, 584 F.3d at 1168.

Merely reporting a debt to a credit bureau that is disputed by the consumer is not enough to establish malice or willful intent. In Gorman, the Ninth Circuit affirmed the district court's dismissal of the plaintiff Gorman's defamation claim. The court rejected Gorman's argument that his credit card company (MBNA) libeled him because it knew he disputed the debt but reported it as undisputed, finding no evidence that MBNA knew the debt was not owed or acted with reckless disregard to whether it was owed:

> even if MBNA violated its obligations to report that Gorman disputed the debt, this failure does not render the information that was reported "false" so as to support a libel claim meeting the § 1681h(e) malice standard. The obligation to report a disputed debt is a protective regulatory requirement imposed by the FCRA. … any failure by MBNA to meet this requirement may render its reporting deficient under the statute, but it does not render the information MBNA did furnish maliciously or willfully false. So long as the creditor has a good faith reason for believing that the debt is in fact owed, reporting the debt without reporting the dispute does not convey "false" information "with malice or willful intent to injure the consumer.

Id. at 1169.

Here, Holland's claims are based on information ERS provided to credit reporting agencies. As such, they fall within § 1681h(e). Holland must therefore allege falsity and malice or willful intent, in other words, that he did not owe the debt and that ERS reported the debt knowing it was not owed or while entertaining serious doubts about whether it was owed. But Holland does not allege that this occurred. He does not allege that he did not owe DISH money or that ERS reported the debt believing it was not owed or entertaining serious doubts about whether it was owed. To the contrary, Holland admits that, when he told ERS that he sought validation of the debt, ERS removed the debt from his credit report, and that the reporting of the debt "was negligence or ineptness." Affidavit ¶¶ 11. Thus, no falsity, malice

DEFENDANT'S MOTION TO DISMISS - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

or willful intent are or could be alleged here.

Holland might assert that his claim is that ERS knew he was disputing the debt when reporting it to the credit reporting agencies. This is not in the complaint and seemingly contrary to what is alleged. The correspondence attached by Holland to the complaint indicate that ERS first learned of Holland's dispute after Holland sent his August 2 letter.[4] Correspondence from ERS establishes that, on August 11, ERS informed Holland it was removing the debt from his credit reports. It would make no sense for ERS to report the debt after August 2 and then, simultaneously, remove it from his credit report. Instead, the complaint can only be interpreted reasonably as alleging that ERS reported the debt before it knew Holland was disputing it and removed it once it learned of Holland's request for validation.

But assuming Holland alleges that ERS reported the debt after learning that he requested validation, this is insufficient to state a claim of defamation or slander. He still has not alleged that the debt was not owed and that ERS knew it was not owed or had serious doubts about whether it was owed when reporting the debt. Merely alleging that ERS knew that Holland sought validation when reporting it to credit reporting agencies does not satisfy these requirements. The Ninth Circuit rejected this precise argument by the plaintiff in <u>Gorman</u>. Instead, the qualified immunity granted by the FCRA to companies that furnish information to credit reporting agencies based on a good faith belief that the debt is owed protects ERS from Holland's claims of defamation and slander. Thus, again, Holland does not and cannot state claims for defamation or and slander.

D. **HOLLAND FAILS TO STATE A CLAIM FOR FRAUD**

Fed. R. Civ. P. 9(b) requires that in "alleging fraud … a party must state with particularity the circumstances constituting fraud or mistake." "Averments of fraud must be

---

[4] Although Holland sent an earlier he admits that ERS could not identify his account because the letter did not include an account number and had a different address.

DEFENDANT'S MOTION TO DISMISS - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

accompanied by 'the who, what, when, where, and how,' of the misconduct charged.  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).  In other words, the plaintiff "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud."  <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994).  A "plaintiff must set forth <u>more</u> than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Holland asserts a fraud claim, but does not allege what he believes was fraudulent conduct by ERS.  He does not allege any misleading statements or misrepresentations or state the time or place they occurred.  Thus, there was no fraud here, let alone that a fraud claim that meets the pleading requirements of Fed. R. Civ. P. 9(b).  In the absence of such pleadings, the fraud claim fails to state a claim upon which relief can be granted.  And because the facts in Holland's affidavit establish that there was no fraud, this claim can be dismissed with prejudice.

### E.     THE CLAIM FOR PUNITIVE DAMAGES CAN BE DISMISSED

In his complaint, Holland seeks punitive damages of $130,000.  Complaint ¶ 5.2.  He does not state the basis for this claim, but presumably it is based on the FCRA, which does allow for punitive damages for willful violations of the statute.  15 U.S.C. § 1681n.  But since the FCRA claim fails to state a claim, the demand for punitive damages can be dismissed, too.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## V. CONCLUSION

The FCRA, slander, defamation, and punitive damage claims fail to state claims under which relief can be granted because the claims are not permitted by the FCRA. The fraud claim similarly fails because no facts are alleged to support it, as required by Fed. R. Civ. P. 9(b). And because the Affidavit and exhibits Holland submitted makes plain that he can never plead viable claims, these claims can be dismissed with prejudice.

DATED this 2nd day of November, 2011.

COZEN O'CONNOR

By: */s/ Benjamin J. Stone*
  Benjamin J. Stone, WSBA No. 33436
COZEN O'CONNOR
1201 Third Avenue
Suite 5200
Seattle, Washington  98101
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

Attorneys for Defendant
ER Solutions, Inc.

DEFENDANT'S MOTION TO DISMISS - 12

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000